**UNITED STATES of America,**
**Appellee,**

v.

**Santos D. VIZCAINO, Appellant.**

**No. 99–3033.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 10, 2000.

Decided Feb. 15, 2000.

Lisa B. Wright, Assistant Federal Public Defender, argued the cause for appellant. With her on the briefs was A. J. Kramer, Federal Public Defender.

Alex J. Bourelly, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were Wilma A. Lewis, U.S. Attorney, and Darrell C. Valdez, John R. Fisher and Mary-Patrice Brown, Assistant U.S. Attorneys.

Before: SILBERMAN, WILLIAMS and TATEL, Circuit Judges.

TATEL, Circuit Judge:

Sentenced for possessing with intent to distribute both powder and crack cocaine, appellant argues that the district court erred by failing to recognize its authority

to depart downward pursuant to section 5K2.0 of the United States Sentencing Guidelines on the ground that the crack affected his sentence so significantly as to take it outside of the Guidelines' "heartland." Because appellant failed to request such a downward departure in the district court, and because the district court did not plainly err by failing to grant it *sua sponte*, we affirm.

I

A grand jury indicted appellant Santos Vizcaino for possessing with intent to distribute fifty grams or more of crack cocaine and for possessing with intent to distribute powder cocaine. Pleading guilty to the powder cocaine count, Vizcaino avoided the ten-year statutory mandatory minimum sentence that would have applied had a jury convicted him on the crack cocaine charge. As a condition of dropping the crack cocaine charge, the government required Vizcaino to accept responsibility for approximately 185 grams of crack cocaine. Under the relevant Sentencing Guideline, a criminal defendant's sentence turns not only on the quantity of drugs involved in the offense of conviction, but also on "all acts and omissions ... that were part of the same course of conduct or common scheme or plan as the offense of conviction." United States Sentencing Guidelines § 1B1.3(a)(2). Because the Guidelines treat offenses involving crack more severely than those involving only powder cocaine, Vizcaino's acceptance of responsibility for crack dramatically affected his potential sentence. Had his sentence been determined only by the amount of powder cocaine to which he pled guilty, the Guideline range would have been 27–33 months. With the crack, his Guideline range increased to 121–151 months. Recognizing the crack's impact on the potential sentence, the district court informed Vizcaino at the plea colloquy that his "lawyer and the government's lawyer have agreed that the Guideline range which is going to control the sentence that

I impose on you is, at bottom, 121 months and at top, 151 months." Asked if he understood, Vizcaino answered, "Yes." The district court accepted Vizcaino's plea.

At sentencing, Vizcaino's counsel asked the district court to depart below the 121–151 month Guideline range, explaining only that "Mr. Santos Vizcaino has some material he wishes to share ... which we think may take it below the Guidelines." Vizcaino then told the court this: "I want to explain to you a few months ago I did sign a plea agreement to accept responsibility for powder cocaine. And based on this, I think that I should be sentenced for powder cocaine, which would change the category within the guidelines that were approved by the Congress...." Vizcaino spoke at length (for five or six transcript pages) about his children, his wife, his drug use, and the impact that his imprisonment was having on his children. The district court, apparently responding to Vizcaino's earlier statement that he had accepted responsibility for powder cocaine, then pointed out: "In your plea agreement, in paragraph 3, you not only acknowledge responsibility for the powder cocaine that formed the basis of the charge to which you entered a plea of guilty, but you also acknowledged that you were accountable for 185 grams of cocaine base, or crack cocaine. And the government's evidence would have shown that that represented relevant conduct." Vizcaino responded: "Your Honor, I believe my lawyer has a copy of the plea agreement in which I said that I was held accountable for, I think, 200 grams of cocaine powder. And over here...." The district court interrupted: "You were accountable for 223 grams of cocaine powder and 185 grams of crack. In any event, the Guidelines leave me no choice whatsoever, Mr. Vizcaino." Vizcaino explained that he had entered into the plea in order to avoid the statutory mandatory minimum sentence for crack cocaine, to which the district court replied: "There is not only the mandatory minimum under the statute, but there are the Guidelines, which I must

follow, and the Guidelines are, for my purposes, also mandatory. I cannot depart from the Guidelines unless there is a reason for doing so."

Concluding that "there is nothing in this record which, under the law, as it has been interpreted by our court of appeals, entitles me to depart from the Guideline range," the district court sentenced Vizcaino to 121 months imprisonment, the lowest sentence in the Guideline range. "Now let me tell you this," the district court added:

> This is one of those cases in which, in my judgment, the Guidelines operate to produce an unjust result. Were I at liberty, I would sentence you to a somewhat lesser term of imprisonment, but I do not have that option.... I have several highly complimentary letters having to do with Mr. Vizcaino, and they would, in the ordinary circumstances, be highly persuasive, were I at liberty to impose a lesser sentence than I am. I am going to direct that these be filed and made part of the record in this case so that the court of appeals will have them available to them when they determine whether or not I am correct in my determination that there is no basis for a departure from the guidelines in this case.

Vizcaino now appeals from the 121–month sentence.

## II

This appeal requires us to return to an oft-litigated issue: the scope of a district court's authority to depart downward under section 5K2.0 of the United States Sentencing Guidelines. Section 5K2.0 provides: "[T]he sentencing court may impose a sentence outside the range established by the applicable guidelines, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" United States Sentencing Guidelines § 5K2.0 (*quoting* 18 U.S.C. § 3553(b)). The Supreme Court has explained that district courts may depart under section 5K2.0 on the basis of a particular factor not specifically mentioned in the Guidelines if, "considering the structure and theory of both relevant individual guidelines and the Guidelines taken as a whole, ... it is sufficient to take the case out of the Guideline's heartland." *Koon v. United States*, 518 U.S. 81, 96, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) (internal citation and quotation marks omitted).

Citing cases from other circuits, Vizcaino maintains that the district court erred by failing to recognize that where consideration of relevant conduct, *i.e.*, conduct different from but related to an offense of conviction, drastically affects a sentence, a district court has authority to depart downward. *See, e.g., United States v. Lombard*, 72 F.3d 170, 183–87 (1st Cir. 1995) (holding that trial court had authority to depart under section 5K2.0 where consideration of relevant conduct raised defendant's sentence from 262 months to mandatory life imprisonment); *United States v. Concepcion*, 983 F.2d 369, 385–89 (2d Cir.1992) (remanding to trial court to consider whether impact of relevant conduct, which increased defendant's sentence from 24–30 months to 262–327 months, warranted downward departure under section 5K2.0). Although this circuit has never considered whether district courts have authority to depart on this ground, Vizcaino argues that his sentence presents a compelling case for such a departure. His 121–month sentence was well over four times the low end of the 27–33 month range that would have been applicable had he been sentenced only for the powder cocaine included in his plea agreement. As Vizcaino observes, moreover, the Guidelines offense level and resulting sentencing range were determined exclusively by the 185 grams of crack; the cocaine powder that Vizcaino possessed with intent to distribute and that formed the basis of the offense to which he pled guilty had

absolutely no impact on his sentence. Because of this, and given the district court's clearly expressed concern about the length of Vizcaino's sentence, the district court might have considered departing downward had Vizcaino made a section 5K2.0 argument. *But see United States v. Lombard,* 72 F.3d at 186–87 (noting that authority to depart downward would not necessarily exist where case involved only "sizable sentence increases based on an uncharged quantity of drugs").

█ As the government points out, however, neither Vizcaino nor his lawyer requested such a departure. Not only did his lawyer fail to make any argument at all, but the closest Vizcaino came to raising the issue was this: "I think that I should be sentenced for powder cocaine, which would change the category within the guidelines that were approved by the Congress...." At most, this statement asked the district court to exclude crack cocaine from its sentencing consideration. Because Vizcaino had accepted responsibility for the crack and had not disputed that it was relevant conduct for purposes of the Guidelines, however, the district court had no choice but to include crack in its sentencing calculations unless the Guidelines provided some basis for not considering it. Vizcaino offered the district court no such basis. To be sure, Vizcaino was not required to state the issue as clearly as appellate counsel has, or, for that matter, even to cite to section 5K2.0 in order to preserve the issue for appeal. But absent any statement that the district court could have reasonably interpreted as arguing that crack so distorted the sentence as to take it out of the Guidelines' heartland, we cannot conclude that Vizcaino preserved the issue.

Citing *United States v. Beckham,* 968 F.2d 47 (D.C.Cir.1992), Vizcaino contends that he need not precisely articulate the basis for his downward departure request in order to preserve the issue for appeal. In *Beckham,* we remanded for resentencing on the basis of a "refined" argument

on appeal even though in the district court the defendant, like Vizcaino, only "complained about the harshness of his sentence in general terms." *Id.* at 53. This case differs from *Beckham* in a critical respect. In *Beckham,* the government did not argue that the defendant had waived his departure argument by failing to ask for it in the district court. *Id.* at 54 n. 5 ("Although [the defendant's] refinement of the disproportionality argument was not raised below, the government failed to object to it, or even to comment upon it, in its brief, thus waiving any waiver argument it may have had."). Far from waiving the waiver issue in this case, the government has argued it strenuously.

█ Because Vizcaino failed to preserve the argument for appeal, we review the district court's failure to depart *sua sponte* at most for plain error. *See United States v. Albritton,* 75 F.3d 709, 712 (D.C.Cir.1996) ("assuming, without deciding, that we conduct plain error review" where defendant waives downward departure argument). As Vizcaino's counsel conceded at oral argument, under a plain error standard his downward departure argument is "in trouble." Even assuming the district court erred, absent precedent from either the Supreme Court or this court holding that relevant conduct's disproportional weight may form a basis for a section 5K2.0 departure, the asserted error—failure to recognize authority to depart on those grounds—falls far short of plain error. *See United States v. Merlos,* 8 F.3d 48, 51 (D.C.Cir.1993) (absent an opinion by this circuit or the Supreme Court on the issue in dispute, there is no plain error unless district court failed to follow "absolutely clear" legal norm such as clear statutory provision or court rule); *United States v. Blackwell,* 694 F.2d 1325, 1342 (D.C.Cir.1982) ("the lack of ... precedent in the circuit and the novelty of the issue presented militate against" finding plain error).

Vizcaino's sentence is affirmed.

*So ordered.*