**In re: SEALED CASE**

**No. 97–3104.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 27, 2000.

Decided March 14, 2000.

Evelina J. Norwinski, Assistant Federal Public Defender, argued the cause for appellant. A.J. Kramer, Federal Public Defender, Carmen D. Hernandez and Reita Pendry, Assistant Federal Public Defenders were on the briefs.

Elizabeth H. Danello, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were Wilma A. Lewis, U.S. Attorney, John R. Fisher and Patricia Stewart, Assistant U.S. Attorneys.

Before: EDWARDS, Chief Judge, GINSBURG and ROGERS, Circuit Judges.

Opinion for the Court filed by Circuit Judge ROGERS.

ROGERS, Circuit Judge:

In *In re Sealed Case No. 97–3112 (Sentencing Guidelines' "Substantial Assistance")*, 181 F.3d 128 (D.C.Cir.1999) (in banc), the court held that a district court may not invoke § 5K1.1 of the U.S. Sentencing Guidelines ("U.S.S.G." or "the Guidelines") to sentence a criminal defendant below the guideline range for the prescribed offense except upon motion by the government " 'stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense.' " *Id.* at 130 (quoting U.S.S.G. § 5K1.1, p.s. (1997)). Appellant contends that there is an exception to the motion requirement where the assistance relates to a District of Columbia offense, and hence the district court erred in denying his departure request. Specifically, he contends that the term "offense" in § 5K1.1 refers solely to federal offenses, and that he thus may receive a departure below the level prescribed by the Guidelines on the basis of his assistance to law enforcement officers with regard to a homicide prosecution under the District of Columbia Code, even though the government never filed a motion in support of such departure. Because appellant never presented this argument to the district court, our review is for plain error and we find none.

I.

▪ "[A] request for an adjustment under the Guidelines is [forfeited] if the argument is not made at sentencing," and this court "will review sentencing issues raised for the first time on appeal [only] for 'plain error.' " *United States v. Foster,* 988 F.2d 206, 209 (D.C.Cir.1993); *see United States v. Klat,* 156 F.3d 1258, 1267 (D.C.Cir.1998) (plain error review applied

to departures as well as adjustments not requested in the district court); *United States v. Ortez*, 902 F.2d 61, 64 (D.C.Cir. 1990); *see also United States v. Olano*, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). While our plain error review in the sentencing context requires a "slightly less exacting" showing of prejudice than for trial errors, *see United States v. Saro*, 24 F.3d 283, 287 (D.C.Cir.1994), an appellant must still show that "from the perspective of the trial court[,] the error [was] 'so "plain" [that] the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.'" *Id.* at 286 (quoting *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

Appellant pleaded guilty to one count of a ten count indictment, and was sentenced to 57 months' imprisonment after receiving a downward departure under *United States v. Smith*, 27 F.3d 649 (D.C.Cir. 1994). In appealing his sentence, he concedes that in seeking a downward departure for cooperation that he had provided to the government in connection with a homicide prosecution in the Superior Court of the District of Columbia, he did not specifically argue in the district court that § 5K1.1 was inapplicable because his cooperation related to a non-federal offense. The closest he came to raising the issue was when he stated in his first memorandum in aid of sentencing that "under

U.S.S.G. § 5K2.0 ... [his] assistance augurs in favor of a downward departure."[1] Appellant made no mention of § 5K1.1 as a separate ground and did not explain why § 5K2.0 authorized departure in his case. In his second memorandum in aid of sentencing he argued that § 5K1.1 was invalid because Congress had mandated that departures based upon cooperation with the government be addressed through sentencing guidelines while § 5K1.1 is a policy statement,[2] and that the district court thus retained general authority under 18 U.S.C. § 3553(b) to depart on the basis of his cooperation, even absent a government motion for departure. At a subsequent hearing, the district court rejected appellant's § 5K1.1 argument, ruling that it lacked authority to depart on the basis of appellant's cooperation "in the absence of a 5K1.1 letter" from the government. Thus, appellant never argued to the district court that § 5K1.1, or any other authority, authorized departure absent a government motion because of the non-federal case on which appellant assisted the government.

■ On appeal appellant contends only that the district court erred in failing to depart under § 5K2.0, given the nonfederal nature of the offense on which he assisted the government. Yet contrary to appellant's apparent position, it is not enough for purposes of preserving an argument for appeal for the defendant to discuss the general circumstances of his case without

---

1. Section 5K2.0 identifies "some of the factors that the [U.S. Sentencing] Commission has not been able to take into account fully in formulating the [G]uidelines", in order to provide guidance to courts in applying 18 U.S.C. § 3553(b)(1997). Thus the Guideline, in discussing § 3553(b), states that a court:

> may impose a sentence outside the range established by the applicable guideline, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'

U.S.S.G. § 5K2.0, p.s. (1997) (quoting 18 U.S.C. § 3553(b)).

2. This argument has since been rejected by *In re Sealed Case*, 149 F.3d 1198, 1200–01 (D.C.Cir.1998), vacated in part on other grounds, 159 F.3d 1362 (D.C.Cir.1998). *See also In re Sealed Case No. 97–3112*, 181 F.3d at 131 n. 3. Furthermore, the argument is unpersuasive on its face, inasmuch as Congress expressly authorized the Sentencing Commission to issue general policy statements regarding application of the Guidelines. *See* 28 U.S.C. § 994(a)(2)(1993). Indeed, the court's language in rejecting this position was unequivocal: "we have no doubt that the Commission's decision to issue a policy statement rather than a guideline in response to section 994(n) amounted to a permissible, if not the only reasonable, construction of the statute." *In re Sealed Case*, 149 F.3d at 1201.

in some manner signaling to the district court how those circumstances bear on the district court's authority to grant a downward departure request in the absence of a government motion. As the court has recently observed in an analogous case:

> To be sure, Vizcaino was not required to state the issue as clearly as appellate counsel has, or, for that matter, even to cite to section 5K2.0 in order to preserve the issue for appeal. But absent any statement that the district court could have reasonably interpreted as arguing that crack so distorted the sentence as to take it out of the Guidelines' heartland, we cannot conclude that Vizcaino preserved the issue.

*United States v. Vizcaino,* 202 F.3d 345, 348 (D.C.Cir.2000) (and distinguishing *United States v. Beckham,* 968 F.2d 47 (D.C.Cir.1992)). So too here, appellant never made the argument to the district court that he raises on appeal, and to the extent that he referred to § 5K2.0 and § 3553(b), he never suggested to the district court why either would entitle him to a departure because of his non-federal cooperation, while his reliance on the latter was based upon an argument since rejected by this court. *See supra* note 2. Therefore, because the issue of whether the district court had authority to depart under § 5K2.0 based on appellant's assistance on a non-federal offense was never presented in the district court, it was forfeited and our review is for plain error. *See Vizcaino,* 202 F.3d at 348; *Saro,* 24 F.3d at 286.

■ The only question, therefore, is whether it was incumbent on the district court *sua sponte* to consider whether § 5K1.1 was inapplicable to appellant's request for departure based upon his cooperation in connection with a homicide

prosecution under District of Columbia law because the issue was "plain," that is, either because the language of § 5K1.1 distinguished between federal and local offenses, or there was persuasive judicial authority for making that distinction, or the legal norm at issue was absolutely clear. *See United States v. Merlos,* 8 F.3d 48, 51 (D.C.Cir.1993). Appellant does not suggest that the latter consideration is relevant here, and we agree. Thus, absent clear language in the Guidelines, or precedent from the Supreme Court, this court, or another circuit court of appeals at the time of appellant's sentencing that § 5K1.1 applied only to cooperation in connection with federal offenses, it would seem to follow that the "failure to recognize authority to depart ... falls far short of plain error." *Vizcaino,* 202 F.3d at 348.

The language of § 5K1.1 makes no distinction between local and federal offenses and merely uses the term "offense": "Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines." U.S.S.G. § 5K1.1 (first paragraph). Essentially, appellant maintains that according to the definition of "offense" in the Commentary to § 1B1.1,[3] the meaning of that term as used in § 5K1.1 must be determined contextually; that is, in appellant's view, the narrow definition of "offense" in § 1B1.1 "does not fit the § 5K1.1 formulation" because it refers to the offense of conviction rather than the offense to which assistance was provided. Because, appellant maintains, the Guidelines always refer expressly to non-federal offenses when they are to be

---

**3.** The commentary to § 1B1.1 provides in relevant part:

> "Offense" means the offense of conviction and all relevant conduct under § 1B1.3 (Relevant Conduct) unless a different meaning is specified or is otherwise clear from the context. The term "instant" is used in connection with "offense," "federal of-

fense," or "offense of conviction" as the case may be, to distinguish the violation for which the defendant is being sentenced from a prior or subsequent offense, or from an offense before another court (*e.g.* an offense before a state court involving the same underlying conduct).

U.S.S.G. § 1B1.1, comment (n.1(*l*)).

included in the term "offense," the unadorned use of that term in § 5K1.1 should be interpreted to refer only to federal offenses. Appellant also relies on the fact that the Guidelines have sometimes included a separate definition when offenses under state, tribal, or military law are to be included. Yet for plain error purposes it is not obvious that offenses under District of Columbia law are excluded from § 5K1.1.

First, the second sentence in the definition commentary to § 1B1.1 indicates that the term "offense" is broader than federal offenses. That explicit statements exist in other sections of the Guidelines describing the covered offenses to include non-federal offenses is hardly dispositive on plain error review. *Compare* § 5K2.9 p.s. and § 5G1.3(b) *with* § 2K2.1, comment (nn.7 & 14); § 4A1.1, comment (backg'd). Indeed, to the extent that appellant relies on "[t]he legislative antecedents of § 5K1.1," he suggests that there is nothing obvious in § 5K1.1 to show that it excludes District of Columbia offenses.

Second, appellant's reliance on context is self-defeating. Because of the unique prosecutorial arrangement in the District of Columbia, a sentencing judge in this district would be particularly unlikely to see obvious error in applying § 5K1.1 to cooperation involving local prosecutions. Unlike other districts in which the role of the United States Attorney does not blur the distinction between federal and state prosecutions, the United States Attorney for the District of Columbia serves as both a federal and District of Columbia prosecutor and even has authority to join local offenses to federal charges. *See* D.C.Code §§ 23–101(c),(d)(1981) (ann.).

Finally, appellant has not pointed to a single case decided before his sentencing that supported his interpretation of § 5K1.1. In fact, as of appellant's sentencing, the Second, Third, and Ninth Circuits had all rejected his argument. *See United States v. Kaye,* 65 F.3d 240, 242 (2d Cir.1995), *vacated,* 140 F.3d 86 (2d Cir.1998); *United States v. Emery,* 34 F.3d 911, 913 (9th Cir.1994); *United States v. Love,* 985 F.2d 732, 733 (3d Cir.1993). Indeed, appellant's counsel conceded during oral argument in this court that there was no judicial authority whatsoever in his favor at the time of his sentencing. Although the Second Circuit later reconsidered its decision and adopted appellant's interpretation of § 5K1.1, this decision upon reconsideration came after appellant was sentenced and therefore does not influence our review for plain error.

Because neither the language of § 5K1.1 nor judicial or other authority in existence at the time of appellant's sentencing would have caused the district court on its own to have considered that there might be such an issue in appellant's favor, much less apposite authority even now to demonstrate plain error, the district court did not plainly err in denying appellant's request for a downward departure under § 5K2.0. Accordingly, without reaching the merits of appellant's underlying legal argument, we affirm the judgment of conviction.