UNITED STATES of America, Appellee

v.

Lorraine CYR, Appellant

No. CRIM. 00091–01.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 26, 2001.

Before SENTELLE, HENDERSON
and TATEL, Circuit Judges.

*JUDGMENT*

PER CURIAM.

This case was considered on the record
from the United States District Court for
the District of Columbia and on the briefs
and arguments by counsel. The court has
accorded the arguments full consideration
and has determined the issues presented
occasion no need for a published opinion.
*See* D.C.Cir. Rule 36(b). Accordingly, for
the reasons set out in the accompanying
memorandum, it is

ORDERED that the sentence be vacat-
ed and the case be remanded.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41(a)(1).

## MEMORANDUM

Lorraine Cyr was convicted in the United States District Court for the District of Columbia of two counts of theft; she appeals, challenging the sentence imposed. Under the United States Sentencing Guidelines (Guidelines), punishment for certain fraud/theft offenses depends on the value of the loss incurred. *See* U.S.S.G. § 2B1.1(b)(1) (2000). Cyr argues that the district court erroneously calculated the total loss resulting from her conviction at more than $20,000 and based on that error imposed a sentence under the wrong Guidelines range. For the reasons set forth below, we reverse and remand for resentencing.

The National Association of Child Care Resource and Referral Agencies (NACCRRA) hired Lorraine Cyr in March 1997 as its accounting manager. NACCRRA is a non-profit organization that helps identify affordable child care for parents and provides resources to child care agencies to improve child care services. The organization receives nearly $10 million in federally funded grants to assist in its mission. Cyr was responsible for the management of NACCRRA's finances, including its payroll.

The government alleged that Cyr defrauded NACCRRA by authorizing by telephone eighteen separate unauthorized payroll increases for herself. In addition, Cyr apparently converted a laptop computer, which the organization had permitted her to use for work while on vacation in Australia. Cyr refused to return the computer despite repeated requests to do so by NACCRRA management.

Based on these facts *inter alia,* Cyr was indicted on March 8, 2000 on two counts: (1) theft from an organization receiving federal funds (the salary increases) in violation of 18 U.S.C. § 666(a)(1)(A); and (2) first degree theft of property (the laptop computer) in violation of 22 D.C.Code § 3211. Following a three-day jury trial, she was convicted on both counts. The government then submitted its presentence report (PSR). The final PSR calculated Cyr's guideline sentence as follows: based on her violation of 18 U.S.C. § 666(a)(1)(A), Cyr's base offense level was set at four. Six points were added because the economic loss attributable to her conduct—$20,752—was more than $20,000 and less than $30,000. *See* U.S.S.G. § 2B1.1 (2000). Two more points were added because the offense involved more than minimum planning and another two point increase for abuse of trust made the total adjusted offense level 14. In addition, the district court levied a two level increase for obstruction of justice for perjured testimony. Because Cyr had no prior convictions, the offense level of 16 put her in the range of 21–27 months' imprisonment.

On October 23, 2000 she was sentenced to 21 months on Count One and 12 months on Count Two, to be served concurrently along with three years of supervised release. In addition, she was ordered to pay $20,752 in restitution and a $200 special assessment for perjury during trial. On appeal, Cyr attempts to demonstrate that the total loss to NACCRRA was less than $20,000 and, as such, decreases the applicable imprisonment range from 21–27 months to 18–24 months. At the least, Cyr contends, the portion of the restitution order fixing the value of the laptop computer at $2599 must be vacated and remanded because, as the government ac-

knowledges, its value amounts to no more than $1929.98.

 Cyr first contends that the district court erred in finding that the laptop computer theft qualified as "relevant conduct" in establishing the total loss from the payroll fraud conviction. The total loss would have been below the $20,000 threshold if the computer theft had not been included. Because Cyr did not object at sentencing, however, the district court's inclusion of the computer theft as relevant conduct is reviewable only for plain error. *See In re Sealed Case*, 204 F.3d 1170, 1171–72 (D.C.Cir.2000) (internal citations omitted). The United States Supreme Court in *United States v. Olano* defined "plain error" as "clear, or equivalently, obvious." 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (internal quotation omitted). We elucidated further that a defendant must show that "from the perspective of the trial court[,] the error was 'so "plain" that the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it'." *United States v. Saro*, 24 F.3d 283, 286 (D.C.Cir.1994) (*quoting United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)).

For most offenses, the Guidelines require the sentencing court to consider only conduct intrinsic to the offense of conviction in determining the defendant's base offense level. For fraud and other groupable offenses, however, the Guidelines provide that conduct that is part of the "same course of conduct" or "common scheme or plan" as the offense of conviction qualifies as "relevant conduct" and may be considered in determining the proper Guidelines range. *See* U.S.S.G. § 1B1.3(a)(2). Cyr argues that her failure to return the laptop computer was not part of the "same course of conduct or common scheme or plan" as the payroll fraud.

The Guidelines provide that, "[f]or two or more offenses to constitute part of a *common scheme or plan*, they must be substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar *modus operandi*." U.S.S.G. § 1B1.3 cmt. n. 9(A) (first emphasis added). At minimum, both crimes were perpetrated against the same victim and arguably shared a common purpose, i.e., defrauding the NACCRRA. Nor has Cyr demonstrated that the trial court was "derelict" in failing to recognize *sua sponte* that the computer theft was not part of a "common scheme or plan." *See Saro*, 24 F.3d at 286 (*quoting United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). Because we cannot say that the district court plainly erred in including the computer theft as relevant conduct, we affirm the district court.

Cyr further argues that, even if the computer theft constitutes relevant conduct, the district court erred in calculating the value of the computer as well as the loss incurred from vacation time overpayment. These errors, she contends, pushed her to just above the $20,000 minimum ($20,752) for the 6–level adjustment. The government, on appeal, concedes that the value of the computer should have been $1,929.98, not $2599.00 as designated in the PSR and relied on by the district court in calculating the total loss. *See* Appellee's Br. at 27.[1] The undisputed arithmetic error requires remand to the district court to

---

1. The government concedes that, because the value of the computer should be $1929.98, remand is necessary but only to correct the restitution award. It maintains that the sentence is still appropriate because the decreased worth of the computer does not by itself reduce NACCRRA's total loss to under $20,000.

amend the restitution award. The error, however, does not by itself affect Cyr's term of incarceration. The reduction amounts to only $669.02, which, if subtracted from the total loss figure calculated by the district court ($20,752), would still put Cyr above the $20,000 floor ($20,082.98).

■ Cyr also challenges the government's evidence supporting a vacation overpayment as part of the payroll fraud. Both parties now agree that Cyr was overpaid $5,000 in 1997. Cyr also concedes that she received $12,421 in salary overpayments in 1998. In dispute is the government's inclusion of an additional $772.12 for vacation overpayment, which together with the loss from the purloined computer, puts Cyr just above $20,000 ($18,193.12 plus $1929.98). The government arrived at the $772.12 figure by calculating the difference between the vacation payment of $4501.12 requested by Cyr and the $3729 in vacation carryover she was authorized to receive according to the testimony of the NACCRRA director of operations. Cyr argues that the $772.12 figure is not an overpayment because of paid holidays which fell within the period Cyr was on vacation in Australia. The NACCRRA Personnel Policies Manual, cited by Cyr, states "if a holiday falls during an employee approved vacation, the employee will be paid for the holiday and will not be charged for a vacation day the day the holiday is observed." Appellant's App. at 30. Because Christmas Day, New Year's Day and Martin Luther King Jr.'s Birthday all fell within Cyr's approved vacation period, she was "authorized" to be paid for those holidays notwithstanding her request for $4501.12. Because the $772.12 figure includes three days of paid holiday (≈$579 or 3 days × $193 per day), NACCRRA did not suffer any "loss" when it "overpaid" Cyr for carryover vacation. The government, in response, merely recites how it arrived at the $772.12 but does not address whether the amount included three days for which Ms. Cyr was entitled to be paid. *See* Appellee's Br. at 25–26.[2]

While the government bears the burden of establishing "loss" under § 2F1.1 of the Guidelines, review of the district court's factual findings is for *clear error. See United States v. Leonzo,* 50 F.3d 1086, 1087–88 (D.C.Cir.1995).[3] Because we are remanding to amend the restitution order as earlier discussed, we also direct the district court to reconsider the vacation overpayment issue in accordance with this memorandum.

---

2. We cannot discern from the government's brief whether the $3729 figure, the "authorized" amount NACCRRA claims Cyr should have been paid for accrued vacation, took into account the fact that her vacation period included three holidays.

3. At oral argument, there was some discussion over whether the vacation overpayment issue should be subject to "plain error" review because Cyr's objection at sentencing to the $772.12 figure was less than clear. Nonetheless, because the government does not argue for "plain error" review, we consider only whether the error was "clear." *See* Fed. R.App. P. 28(b) (appellee's brief must provide "statement of the standard of review" to extent appellee is "dissatisfied with the appellant's statement"). In fact, the government specifically conceded the point, stating that it "agree[s] with appellant's suggestion that 'this court reviews the district court's loss finding for clear error.'" Gov't Br. at 23.