UNITED STATES of America, Appellee,

v.

Donald Ray DRAFFIN, Appellant.

No. 01–3039.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 14, 2002.

Decided April 26, 2002.

Sean Grimsley, Assistant Federal Public Defender, argued the cause for the appellant. A. J. Kramer, Federal Public Defender, was on brief. Gregory L. Poe, Assistant Federal Public Defender, entered an appearance.

Matthew P. Cohen, Assistant United States Attorney, argued the cause for the appellee. Roscoe C. Howard, Jr., United States Attorney, and John R. Fisher, Assistant United States Attorney, were on brief.

Before: HENDERSON and GARLAND, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

Opinion for the court filed by Circuit Judge HENDERSON.

KAREN LeCRAFT HENDERSON, Circuit Judge:

Donald Ray Draffin appeals his sentence on the ground that the district court erred in not departing from the sentencing range mandated by the career offender provisions of the United States Sentencing Guidelines (Guidelines). Under circuit precedent, because Draffin did not request the departure below, the failure to depart is either not reviewable or, at most, reviewable for plain error only. We conclude that the district court's failure to grant an unrequested departure should be reviewed for plain error and that Draffin

has demonstrated none. Accordingly, his sentence is affirmed.

## I.

On September 25, 1997 Draffin was indicted on one count of bank robbery in violation of 18 U.S.C. § 2113(a), to which he pleaded guilty on November 20, 1997. On April 5, 2001 the district court sentenced Draffin as a career offender under U.S.S.G. § 4B1.1[1] to 151 months' imprisonment,[2] consecutive to an unrelated felony sentence and to be followed by three years' supervised release, and imposed a $100 special assessment. Draffin appeals his sentence.

## II.

In sentencing Draffin, the district court rejected his contentions that the government had failed to prove that the robbery fit the definition of "crime of violence" set out in U.S.S.G. § 4B1.2, that the court should depart from the career offender provisions of the Guidelines based on diminished capacity pursuant to U.S.S.G. § 5K2.13 and that the sentence should be concurrent with the other felony sentence. On appeal Draffin does not urge any of the arguments raised below but asserts instead that the district court should have departed under U.S.S.G. § 4A1.3 either because the offense of conviction should not be considered a crime of violence[3] or because the career criminal status overstates Draffin's criminal history and likelihood of recidivism. Before addressing the merits of his claim we must determine the appropriate scope of our review. Because the level of review depends on whether Draffin has preserved his departure argument for appeal, we must first determine whether, as Draffin maintains, he adequately presented the argument to the district court. We conclude he did not.

The record below reveals that Draffin at no time asked the district court to depart based on the specific grounds he now cites.

1. Section 4B1.1 enhances the sentence of a career offender, that is, a defendant whose offense of conviction is at least his third adult felony conviction of a crime of violence and/or a controlled substance offense.

2. This sentence is at the bottom of the sentencing range of 151–188 months the court below found applicable to Draffin as a career offender with an offense level of 29 and a criminal history of VI.

3. This court acknowledged such a departure ground, at least where the violent nature of *previous* crimes is challenged, in *United States v. Baskin*, 886 F.2d 383 (D.C.Cir.1989), *cert. denied*, 494 U.S. 1089, 110 S.Ct. 1831, 108 L.Ed.2d 960 (1990):

   A sentencing judge retains discretion to examine the facts of a predicate crime to determine whether it was a crime of violence notwithstanding the Commentary to the guidelines' predetermined list of crimes which it considers to be crimes of violence. Obviously, the guidelines' definitions, commentary and the like provide a solid starting point for determining whether a prior conviction was in fact a crime of violence. However, it may be appropriate, as provided by the guidelines, for a district judge to depart from the guidelines' statutory definition of a particular crime depending on the facts of the case. We remand for reconsideration of the defendant's previous robbery conviction to determine whether or not it was in fact a crime of violence under 18 U.S.C. § 16(a).

   886 F.2d at 389–90; *see also United States v. Chatman*, 986 F.2d 1446, 1453 n. 7 (D.C.Cir.1993). We subsequently clarified that this authority to depart arises under U.S.S.G. § 4A1.3, which authorizes departure "if reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." *See United States v. Beckham*, 968 F.2d 47, 54 (D.C.Cir. 1992); *United States v. Clark*, 8 F.3d 839, 843 (D.C.Cir.1993). We need not and do not decide here whether the departure ground applies to the offense of conviction as well as to earlier crimes.

It is true he argued the offense of conviction is not one of violence but he did so within the confines of the Guidelines, asserting the offense does not fit within the Guidelines' definition of "crime of violence." He did not claim that characterizing the robbery as a crime of violence "so distorted the sentence as to take it out of the Guidelines' heartland" and therefore to justify departing from the Guidelines sentencing range. *See United States v. Vizcaino,* 202 F.3d 345, 348 (D.C.Cir.2000). We therefore review Draffin's sentence pursuant to our precedent governing unrequested departures.

■■■ As a general rule, the sentencing court's failure to depart "is reviewable ... if it rests on a misconstruction of its authority to depart" but the "court's discretionary decision that the particular circumstances of a given case do not warrant a departure ... is not reviewable." *United States v. Pinnick,* 47 F.3d 434, 439 (D.C.Cir.1995) (quotation omitted). Accordingly, some of our decisions have reasoned that, when a defendant does not raise a departure argument before the sentencing court, the court's consequently unexplained failure to depart is as unreviewable as an expressed discretionary decision not to depart. *See United States v. Bradshaw,* 935 F.2d 295, 303 (D.C.Cir. 1991) (defendant who did not "press that specific argument before the district court" failed to preserve assertion "it was error for the district court to fail to determine whether his prior robberies were actually crimes of violence justifying a career offender designation"); *United States v. Foster,* 988 F.2d 206, 209 (D.C.Cir.1993) (failure to depart either "not reviewable" or "waived" where "record does not support the assertion that appellant ever made a request for a section 4A1.3 departure" and "[a]ppellant does not even allege that the trial judge misconstrued his legal authority to depart"); *United States v. Pinnick,* 47 F.3d at 439–40 (failure to depart "not reviewable" because defendant did not object after court "imposed sentence without commenting on the departure request"); *In re Sealed Case,* 199 F.3d 488 490–92 (D.C.Cir.1999) (*Sealed Case I*) (no review where defense "never specifically argued for ... departure from the appropriate Guideline range before or during the sentencing hearing") (citing *Pinnick*). In apparent contrast, other decisions have concluded the failure to grant an unrequested departure should be reviewable for plain error. *See United States v. Klat,* 156 F.3d 1258, 1267 (D.C.Cir.1998) (where "appellant failed to request a downward departure under section 5K2.13," court "review[s] the district court's failure, *sua sponte,* to depart downward on the basis of appellant's diminished capacity under plain error"); *In re Sealed Case,* 204 F.3d 1170, 1171–72 (D.C.Cir. 2000) (plain error applies where defendant "never argued [the asserted departure ground] to the district court" and therefore "the issue of whether the district court had authority to depart [on that ground] was never presented in the district court"). Still other cases have reviewed for plain error without expressly deciding which standard should apply. *See United States v. Albritton,* 75 F.3d 709, 712 (D.C.Cir.1996) ("[a]ssuming, without deciding" that plain error applies to "district court's failure to grant *sua sponte* a section 5K2.0 departure"); *United States v. Vizcaino,* 202 F.3d 345, 348 (D.C.Cir. 2000) ("Because Vizcaino failed to preserve the argument for appeal, we review the district court's failure to depart *sua sponte* at most for plain error."); *cf. Sealed Case I,* 199 F.3d at 491("[I]f a different rule does apply, then it would seem that at best, the waived objection should be reviewed for plain error."). We believe the correct standard is plain error.

The cited caselaw is not so inconsistent as it may seem. As a practical matter, denying review of the failure to depart sua

sponte and reviewing it for plain error will ordinarily yield the same result: the sentence will be upheld. Although the plain error standard appears more lenient than no review at all, it is, as the decisions cited above make manifest, almost impossible to satisfy in the departure setting.

■ To establish plain error an appellant must show that "from the perspective of the trial court, the claimed error was 'so "plain" the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.'" *United States v. Saro*, 24 F.3d 283, 286 (D.C.Cir.1994) (quoting *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)) (other citations omitted). Ordinarily, such error will not be found where the lawyer fails to propose a discretionary departure ground because " '[u]nder these circumstances, we assume that the district court kn[ew] and applie[d] the law correctly.'" *Sealed Case I*, 199 F.3d at 491 (quoting *Pinnick*, 47 F.3d at 439–40) (quotation omitted); *see also Pinnick*, 47 F.3d at 439 ("[T]he appellant, not us, has the initial responsibility to ensure that the district court explains its reasoning for the record."). We have, however, recognized one unlikely circumstance—and there may conceivably be others—in which plain error might be shown: namely, when, notwithstanding the defendant's silence, the sentencing court makes it plain on the record sua sponte that it is choosing not to depart on a particular ground because it believes (mistakenly, as it turns out) it lacks authority to do so. *See Sealed Case I*, 199 F.3d at 490–91. Because of the possibility of such reversible error, however remote, we conclude

we should apply the plain error standard rather than withhold review altogether. We find no plain error here.

■ Draffin claims the record shows the court below misunderstood its authority to depart because of statements by the judge indicating she sympathized with Draffin but was required to follow sentencing rules. *See* 4/5/2001 Sentencing Tr. 96–97. The cited language, however, is at most ambiguous, particularly in light of the court's simultaneous acknowledgment that she "ha[d] some discretion," *id.* 97, and the absence of any express refusal to depart. *Cf. In re Sealed Case I*, 199 F.3d at 490–91 (finding "at worst ambiguous" judge's statement "that he 'wish[ed]' he could have sentenced appellant below the guideline range but concluded that he did not 'have any alternative' "). As Draffin himself acknowledges, *see* Reply Br. at 11, ambiguous statements cannot redeem a defendant's failure to ask for departure. *See Sealed Case I*, 199 F.3d at 491 ("To hold . . . that a record at worst ambiguous supports reversal is hardly consistent with plain error review.").

For the preceding reasons, we conclude the district court's failure to depart under U.S.S.G. § 4A1.3 was not plain error because Draffin did not ask the court to grant such a departure and he has not unequivocally demonstrated the sentencing court misconstrued its authority to depart. Accordingly, the judgment of the district court is

*Affirmed.*