**UNITED STATES of America,
Appellee,**

v.

**William AZIZE, Appellant.**

No. 02–3112.

United States Court of Appeals,
District of Columbia Circuit.

Jan. 28, 2004.

Before SENTELLE, RANDOLPH and ROGERS, Circuit Judges.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs and oral arguments of counsel. The court has determined that the issues presented occasion no need for an opinion. *See* D.C.Cir. Rule 36(b). It is

ORDERED and ADJUDGED that the judgment of the district court be affirmed for the reasons set forth in the attached memorandum.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing en banc. *See* Fed. R.App. P. 41(b).

### *MEMORANDUM*

### I.

The appellant, William Azize, contends that (1) he was improperly seized when police officers removed him from a train's smoking lounge to the train's passenger compartment; (2) he did not consent to the search of his person in the compartment; (3) any consent was involuntary; and (4) the officers lacked probable cause to conduct the search. The appellant also con-

tends that the district court should have granted Azize a downward departure based on his status as a deportable alien.

## II.

■ Appellant's arguments primarily challenge the district court's findings of fact. For instance, appellant claims that he did not agree to accompany the officers out of the train's smoking lounge. We review a district court's factual findings for clear error. *See* Fed.R.Civ.P. 52(a). Our deference is even greater when such findings are based on determinations regarding the credibility of witnesses. *See Anderson v. City of Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). After reviewing all the evidence, we must be "left with the definite and firm conviction that a mistake has been committed." *Id.* at 573 (quoting *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). We have no such conviction with regard to this case.

■ Further, the district court made adequate findings to support all of its conclusions of law, and there was probable cause given the district court's findings of historical facts. *See Ornelas v. United States,* 517 U.S. 690, 698, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). As to the district court's denial of appellant's request for downward departure, the record is plain that the district judge knew that he could depart and declined to do so. The district court's determination that the departure was not warranted in these particular circumstances may not be reviewed by this Court. *See United States v. Draffin,* 286 F.3d 606, 609 (D.C.Cir.2002). Appellant's conviction and sentence are therefore affirmed.