**UNITED STATES of America, Appellee**

v.

**George Thomas COUMARIS, Appellant.**

No. 05–3115.

United States Court of Appeals, District of Columbia Circuit.

Sept. 22, 2006.

John Robert Fisher, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Leslie Ann Gerardo, Law Office of Martyn Liles, Washington, DC, for Appellant.

Before: RANDOLPH and TATEL, Circuit Judges, and EDWARDS, Senior Circuit Judge.

## JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments by the parties. Upon consideration of the forgoing, it is

**ORDERED** and **ADJUDGED** that the judgment of the district court is hereby affirmed.

Coumaris has six arguments against the district court's sentencing decision and a general argument that his sentence was unreasonable. We have considered and rejected each of these arguments, including those subject only to plain error review because they were not raised in the district court. *In re Sealed Case*, 204 F.3d 1170, 1171–72 (D.C.Cir.2000). Only one of the six arguments warrants discussion— the contention that the district court erred in enhancing this sentence for abuse of a position of public trust.

A sentencing enhancement under U.S.S.G. § 3B1.3 for abuse of a position of public trust is warranted when a defendant occupied a position of trust and abused it in a manner that "significantly facilitated the commission or concealment of the offense." *United States v. West*, 56 F.3d 216, 219 (D.C.Cir.1995). When conveying false information to local law enforcement officers, Coumaris repeatedly referred to himself as an "IRS Agent" or "Agent," and at one point even gave the police his badge number. He nevertheless claims that as an IRS agent he did not occupy a position of public trust, and that even if he did, he did not abuse his position in a way that significantly facilitated the commission of the crime for which he was convicted. Br. for Appellant 15. In *United States v. Shyllon*, 10 F.3d 1, 5 (D.C.Cir.1993), we upheld an abuse of trust enhancement for a government tax auditor, and we agreed with other circuits that police officers hold positions of public trust. *See, e.g., United States v. Foreman*, 905 F.2d 1335 (9th

Cir.1990), *modified on reh'g,* 926 F.2d 792 (9th Cir.1991). As an IRS agent, Coumaris occupied a similar position and he abused it on multiple occasions using his special credibility with law enforcement officials in an attempt to avoid detection and to divert attention from his criminal conduct, as the district court found. We therefore find that, under a due deference or reasonableness standard of review, the court's application of the enhancement was not in error.

■ Because the district court properly applied the Guidelines, the sentence was presumptively reasonable. *United States v. Dorcely,* 454 F.3d 366, 376 (D.C.Cir. 2006). The court undertook the required inquiry under 18 U.S.C. § 3553, and was not further required to explain its reasons for rejecting the criteria in § 3553. *United States v. Simpson,* 430 F.3d 1177, 1186–87 (D.C.Cir.2005).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.