<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4340**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

TERRANCE DEANDREW BACKUS,

                Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.   Martin K. Reidinger, District Judge.  (1:08-cr-00128-MR-DLH-3)

Submitted:  December 6, 2010          Decided:  December 28, 2010

Before WILKINSON, DUNCAN, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Samuel B. Winthrop, WINTHROP AND WINTHROP, Statesville, North Carolina, for Appellant.   Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Deandrew Backus appeals the 262-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006). On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court should have granted, sua sponte, a downward departure based on the significant overstatement of Backus's criminal history category and whether the sentence was unreasonable because the district court failed to consider a downward variance based on a one-to-one ratio of crack-to-powder cocaine. Backus filed a pro se supplemental brief alleging ineffective assistance of appellate counsel. Finding no reversible error, we affirm.

Counsel first argues that Backus's criminal history is overstated and that the district court erred in failing to grant a downward departure from criminal history category VI to criminal history category V. The district court has the discretion to depart downward one criminal history category for a career offender "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes."

2

U.S. Sentencing Guidelines Manual § 4A1.3(b)(1), (3)(A) (2008). However, "[w]e lack the authority to review a sentencing court's denial of a downward departure unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Upon review, we conclude that the record does not reveal that the district court failed to recognize its authority to depart. See United States v. Draffin, 286 F.3d 606, 610 (D.C. Cir. 2002). Thus, Backus's claim is not reviewable on appeal.

Counsel also argues that Backus's sentence was unreasonable because the district court failed to consider a downward variance based on a one-to-one crack-to-powder ratio. Because Backus raises this argument for the first time on appeal, we review for plain error. United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993).

Under the advisory Guidelines, "district courts are entitled to reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." Spears v. United States, ___ U.S. ___, 129 S. Ct. 840, 843-44 (2009). The district court is not required to apply a one-to-one ratio; Spears merely permits a district court to

3

substitute its own ratio if it determines the sentencing disparity is unwarranted. Upon review, we conclude that the district court did not err in failing to consider a downward variance based on the crack-to-powder cocaine sentencing disparity.

In the pro se supplemental brief, Backus argues that appellate counsel was ineffective for failing to consult with him prior to filing the Anders brief and for failing to pursue certain "obvious" arguments. "A defendant can raise the claim of ineffective assistance of counsel . . . on direct appeal if and only if it conclusively appears from the record that his counsel did not provide effective assistance . . . ." United States v. Martinez, 136 F.3d 972, 979 (4th Cir. 1998). To prove ineffective assistance the defendant must satisfy two requirements: (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). We conclude that the record does not conclusively demonstrate that counsel was ineffective; thus, we decline to consider Backus's ineffective assistance claim on direct appeal.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal.

We therefore affirm the district court's judgment.  This court requires that counsel inform Backus, in writing, of his right to petition the Supreme Court of the United States for further review.  If Backus requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Backus.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED