THAPAR, District Judge,
concurring.
I join the majority’s opinion in full. I write separately only to express my concern with a rule adopted in this and other circuits that allows parties to unilaterally waive plain error review.
Judges are not like the supercomputer Watson. See http://www.engadget.com/ 2011/01/13/ibms-watson-supercomputer-destroys-allhumans-in-jeopardy-praet.
They can do their best to be prepared with the Rules of Procedure and Evidence, the relevant constitutional law, and applicable statutes — all refracted through two layers of precedent. But they have no hope of knowing everything, and when unfamiliar issues arise in the courtroom, they will not catch them every time. Even when they do, they cannot always delay the proceeding to find the right answer. Clogged dockets and the delay imposed on parties’ lives mean time is of the essence. Fortunately, in our adversarial system, judges have some help.
The plain error rule, Rule 52(b) of the Federal Rules of Criminal Procedure, broadens responsibility for catching inevitable mistakes and prioritizing which are worth worrying about. See Puckett v. United States, 556 U.S. 129, 129 S.Ct. 1423, 1428, 173 L.Ed.2d 266 (2009) (noting that “errors are a constant in the trial process” (quoting United States v. Padilla, 415 F.3d 211, 224 (1st Cir.2005) (en banc) (Boudin, C.J., concurring))). It says that parties who fail to direct district judges to potential errors cannot then seek relief from those errors on appeal — except in very narrow circumstances. See United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (holding that courts of appeals should only review forfeited errors if “the error seriously affects the fairness, integrity or public reputation of judicial proceedings” (citations and internal quotation marks omitted)). And so it encourages litigants to decide what issues really matter and to raise them while the district court still has time to take action, rather than “sandbagging” *771 and remaining silent pending the outcome of the case. See Puckett, 129 S.Ct. at 1428; United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (warning that there should not be an “unwarranted extension” of the “exacting definition of plain error” because it would skew the careful balance the rule is meant to protect).
The district judge is not the only one to benefit. Naturally, the rule preserves systemic judicial resources by “eneourag[ing] all trial participants to seek a fair and accurate trial the first time around.” Johnson, 520 U.S. at 466, 117 S.Ct. 1544. And it gives the parties strategic latitude. Litigants may choose not to object even if they perceive a legal error. A defense attorney, for instance, may not object to certain testimonial hearsay about his client — which would be inadmissible under Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) — because he knows it exposes an inconsistency in the government’s theory of the case. Anyone who has tried a case knows that these strategic decisions — even foregoing certain constitutional rights — may look like error later, especially when viewed in isolation on a cold record. Yet, in the heat of battle, such decisions often make sense to a seasoned trial lawyer. The last thing the rules should do is encourage trial judges to get in the middle of these decisions and force defense attorneys to explain themselves with the government keenly listening.
So preserving Rule 52(b) as a limit on appellants’ potential relief is important. Rules that allow courts to casually disregard it would be “fatal.” Puckett, 129 S.Ct. at 1428 (“ ‘[A] reflexive inclination by appellate courts to reverse because of unpreserved error would be fatal.’ ” (quoting Padilla, 415 F.3d at 224 (Boudin, C.J., concurring))). For this reason, courts of appeals should take a skeptical look at the rule adopted by this and other circuits, allowing parties to unilaterally waive the plain error standard of review by failing to ask for it. A close look, it turns out, reveals that the rule has little to recommend it.
First, allowing parties to unilaterally waive plain error review is hard to square with the language of Rule 52, which says nothing about the ability to waive the standard of review. And it is hard to reconcile with the Supreme Court’s interpretation of that language. The Olano Court said that courts of appeals “cannot” reverse decisions based on forfeited errors “unless Rule 52(b)” or some other provision allows it. 507 U.S. at 732, 113 S.Ct. 1770. And the Court has said that courts of appeals can “only” correct forfeited errors as allowed under Rule 52(b), emphasizing elsewhere that there “must” be plain error to correct forfeited errors. United States v. Marcus, — U.S. -, 130 S.Ct. 2159, 2164, 176 L.Ed.2d 1012 (2010); Johnson v. United States, 520 U.S. 461, 466-67, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997). Yet this is precisely what some courts of appeals are doing — reversing forfeited errors without regard for the requirements of Rule 52(b).
Second, proponents of this waiver rule have yet to offer a compelling explanation. Some courts have offered no explanation. See, e.g., United States v. Tapia-Escalera, 356 F.3d 181, 183 (1st Cir.2004); cf. United States v. Jeffries, 587 F.3d 690, 691 n. 1 (5th Cir.2009) (“We also note that the Government does not seek plain error review.”). But even those who have are unconvincing. For instance, the Sixth Circuit apparently hangs its hat on the theory that the court of appeals can assume a party preserved an issue below if his opponent does not say otherwise. See, e.g., United States v. Fuller, 77 Fed.Appx. 371, *772 380 n. 9 (6th Cir.2003). But the Sixth Circuit’s theory is an awkward fit where, as here, a party clearly did not object. After all, Mr. Williams, no shrinking violet, lodged three objections at the outset of his sentencing, but neither he nor his counsel complained about it being performed via video conference.
Similarly, the D.C. Circuit offered, in a footnote, that parties are supposed to state whether they dispute their opponents’ proposed standard of review under Federal Rule of Appellate Procedure 28(b); otherwise, the D.C. Circuit assumes the point is conceded. United States v. Cyr, 29 Fed. Appx. 1, 4 n. 3 (D.C.Cir.2001). But, under this view, an appellee could waive any standard of review. Surely this is wrong. A court of appeals would not, for instance, review a question of law for clear error just because both parties mistook it for a question of fact. Nor would a court of appeals review de novo a decision committed to a district court’s discretion just because the parties forgot to specify the standard of review. And, not surprisingly, the case law supports the view that courts are not held hostage to the parties’ poor briefing when determining the appropriate standard of review. See Cordrey v. Euckert, 917 F.2d 1460, 1465 (6th Cir.1990) (“Although neither party discussed the proper standard of review on appeal, we conclude that the issue of waiver is a question of law or at least of mixed law and fact, subject to de novo review.”); see also United States v. Vontsteen, 950 F.2d 1086, 1091 (5th Cir.1992) (“The parties’ failure to brief and argue properly the appropriate standard may lead the court to choose the wrong standard. But no party has the power to control our standard of review. A reviewing court may reject both parties’ approach to the standard.”).
Also allowing waiver of Rule 52(b)’s plain error requirement, the Seventh Circuit analogizes to other instances in which a party is allowed to waive arguments that his opponent has “waived” an opportunity for relief. In United States v. Leichtnam, for instance, the Seventh Circuit held that plain error review did not apply, even though the defendant failed to object to an error below, because the government neglected to argue that the defendant had “waived” the error by not objecting. 948 F.2d 370, 375 (7th Cir.1991). For support, it cited Garlington v. O’Leary, 879 F.2d 277, 282-83 (7th Cir.1989) — a habeas case, not subject to Rule 52(b) — which held that “the defense of waiver can itself be waived by not being raised.” 948 F.2d 370, 375 (7th Cir.1991). In turn, Garlington supported its broad rule with comparisons to overlooking a party’s filing an untimely objection to personal jurisdiction because its opponent did not protest below, 879 F.2d at 282-83 (citing Giotis v. Apollo of the Ozarks, Inc., 800 F.2d 660, 663-64 (7th Cir.1986)), and to overlooking procedural defaults in habeas cases because the respondent did not object, id. at 283, 283 n. 7 (citing Andrews v. United States, 817 F.2d 1277, 1278 n. 1 (7th Cir.1987) and Barrera v. Young, 794 F.2d 1264, 1268 (7th Cir. 1986)). See also United States v. Kortgaard, 425 F.3d 602, 610 (9th Cir.2005) (holding that plain error is waivable because litigants can waive waiver arguments).
Set aside this view’s conflict with the text of the rule, its conflict with the Supreme Court’s interpretation of the rule, and- the failure to distinguish between review of “waived” arguments (subject to no rule of procedure) and review of “forfeited” arguments (subject to Rule 52(b)). The Seventh Circuit’s analogy overlooks an important nuance. Sure, a court of appeals can examine an otherwise forfeited issue (e.g., was it error to sentence Williams by video?) if a party fails to notify the court of the forfeiture. But this does *773 not mean that the same forgetful party can waive the standard of review (e.g., plain error or de novo?) the court uses to evaluate that issue. Indeed, courts of appeals, including this one, routinely hold that standards of review are not waivable. See United States v. Freeman, 640 F.3d 180, 9 (6th Cir.2011) (‘“[A] party cannot ‘waive’ the proper standard of review by failing to argue it.’ ” (quoting Brown v. Smith, 551 F.3d 424, 428 n. 2 (6th Cir.2008))); Worth v. Tyer, 276 F.3d 249, 262 (7th Cir.2001) (“However, the court, not the parties, must determine the standard of review, and therefore, it cannot be waived.” (citing Vizcaino v. Microsoft Corp., 120 F.3d 1006, 1022 n. 4 (9th Cir.1997) (en banc) (O’Scannlain, J., concurring in part and dissenting in part))). And with this in mind, at least one circuit has held that the parties cannot waive plain error review by failing to request it. United States v. Bain, 586 F.3d 634, 639, 639 n. 4 (8th Cir.2009) (per curiam).
Courts seem to confuse this distinction because they simply read Rule 52(b) as controlling ivhether they can even address a forfeited issue in the first place, not as supplying a standard for how the court should review that issue. What they overlook is that Rule 52(b) contains both a “whether” and a “how.” On the one hand, the Supreme Court has interpreted Rule 52(b) as limiting “whether” courts of appeals can even consider an issue. Courts of appeals can only consider forfeited issues if they represent a “miscarriage of justice.” Olano, 507 U.S. at 736, 113 S.Ct. 1770. But on the other hand, Rule 52(b) also controls “how” courts of appeals review those forfeited issues. It instructs courts to only correct an error if it is “plain” and “affects substantial rights.” Id. at 732-33, 113 S.Ct. 1770. So while it might make sense to say that a party can “waive” Rule 52(b)’s limit on “whether” to consider an “error,” I know of no reason to also hold that a party can waive Rule 52(b)’s limits on “how” to consider that error — the standard of review. See Freeman, 640 F.3d at 186.
Interpreting Rule 52(b) this way is consistent with the Seventh Circuit’s analogies. In the same way that a respondent could waive an objection to allowing a court to consider a habeas issue otherwise procedurally defaulted, an appellee can waive an objection to a court of appeals considering a forfeited issue even though it does not represent a miscarriage of justice. But the respondent could not also waive the standard of review for the habeas issue, and neither could an appellee waive application of the plain-error-affecting-substantial-rights standard of review for the forfeited issue.
Accordingly, while I think the majority’s decision is correct under the applicable law, I respectfully fear the applicable law in this and other circuits is wrong. The Eighth Circuit is on the right side of the split. And at least until Watson makes his way into every courtroom, plain error review ought to be unwaivable.