**UNITED STATES of America,**
**Appellee,**

v.

**Howard Thomas PORTER,**
**Defendant–Appellant.**

No. 06–5238–cr.

United States Court of Appeals,
Second Circuit.

July 20, 2007.

Andrea G. Hirsch, New York, NY, for Appellant.

E. Scott Morvillo, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Present: ROSEMARY S. POOLER, B.D. PARKER and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Howard Thomas Porter appeals a sentence of forty-eight months imprisonment imposed for his possession and transportation of child pornography. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

Porter has not established that the District Court's sentence was unreasonable because the court wrongly assumed that he would receive treatment in prison. The District Court made no finding that Porter would receive treatment in prison. Indeed, the court indicated that it understood the possibility that Porter would not receive treatment in prison but stated that he would be able to access treatment while on supervised release. Further, even assuming the court had made a factual finding, it would not have been clearly erroneous because the only proof in the record that Porter would not receive treatment was his opinion—unaccompanied by supporting factual assertions—that he would not be accepted for a treatment program because his remaining sentence was too short. Nor does the record suggest that the District Court failed to consider Porter's need for treatment. In fact, the record is replete with indications that the District Court gave extensive consideration to Porter's need for treatment, and Porter's sentence includes a supervised release condition mandating that he accept psychiatric

treatment. Finally, contrary to Porter's argument, we find no violation of the parsimony clause of 18 U.S.C. § 3553(a). There is no indication in the record that the District Court imposed a sentence greater than he found necessary to reflect the statutory factors set out in 18 U.S.C. § 3553(a)(1)–(7), and the sentence considered in the light of the factual circumstances and the statutory factors is reasonable. *See United States v. Ministro–Tapia,* 470 F.3d 137, 141–43 (2d Cir.2006)

■ Next, the District Court's determination of factual issues relevant to the sentence ultimately imposed did not violate Porter's constitutional rights. The court's Guidelines calculations left Porter's sentence well below the maximum possible sentence prescribed by Congress and, therefore, did not violate *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Further, because the District Court did not treat the Guidelines as mandatory, its factual findings did not violate *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See United States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005) (explaining the process that district courts must follow after *Booker*). While Porter claims that his argument is a Fifth Amendment argument and cites a handful of cases based on the impermissibility of constructive amendments to indictments, *see Russell v. United States,* 369 U.S. 749, 754–55, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962); *Stirone v. United States,* 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960); *United States v. Milstein,* 401 F.3d 53, 65–66 (2d Cir. 2005); *United States v. Frank,* 156 F.3d 332, 337 n. 5 (2d Cir.1998), these cases do not address directly or indirectly the permissibility of the District Court's factual determinations during sentencing. There-

fore, Porter has identified no Fifth or Sixth Amendment error.

■ Finally, Porter argues that the District Court should have taken his relatively minor role as well as the atypical nature of the crime into account when sentencing him. Principally, Porter raises this argument as a basis for a departure, but he requested no such departure in District Court. Except in limited circumstances not present here, we lack jurisdiction to review a District Court's refusal to grant a downward departure. *See, e.g., United States v. De La Pava,* 268 F.3d 157, 166 (2d Cir.2001). A fortiori, we cannot review a failure to depart where no departure was requested. Viewing Porter's argument as one attacking the District Court's failure to grant him a minor-role adjustment, *see* U.S.S.G. § 3B1.2, we must also reject it. Minor role adjustments are available only when multiple persons participate in the offense, *see* U.S.S.G. § 3B1.2 cmt. n. 2, and persons who cannot be held criminally liable for an offense are not considered participants, *see id.* § 3B1.1 cmt. n. 1. The only other participant in Porter's offense was an undercover officer who committed no criminal acts. Therefore, Porter was ineligible for a minor role adjustment.

Based on our holdings, we affirm the judgment of the District Court.