

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-17-2008

# USA v. Yaniro

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2189

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Yaniro" (2008). *2008 Decisions*. Paper 96.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/96

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2189

———————

UNITED STATES OF AMERICA

v.

NIKLOUS YANIRO
a/k/a
MALE ISLANDER 1

Niklous Yaniro,
                    Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Crim. No. 02-cr-00880)
District Judge:  The Honorable John C. Lifland

———————

Argued:  November 18, 2008

———————

Before:  BARRY, CHAGARES, <u>Circuit Judges</u>, and COHILL,[*] <u>District Judge</u>

(Opinion Filed: December 17, 2008 )

———————

———————

[*]  Honorable Maurice B. Cohill, Jr., Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

Anthony J. Colleluori, Esq. (Argued)
180 Froehlich Farm Boulevard
Woodbury, NY 11797-0000

Counsel for Appellant


John F. Romano, Esq. (Argued)
Office of the United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102-0000

Philip J. Degnan, Esq.
Office of United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102-0000

George S. Leone, Esq.
Office of the United States Attorney
970 Broad Street
Room 700
Newark, NJ 07102-0000

Counsel for Appellee

---

OPINION

---

BARRY, Circuit Judge

Niklous Yaniro appeals his convictions for travel with intent to engage in a sexual act with a minor, 18 U.S.C. § 2423(b), and enticement of a minor female, 18 U.S.C. § 2422(b), as well as his sentence of 57 months of imprisonment. We will affirm.

2

# I.

Because we write only for the parties, we set forth only those facts that are relevant to our analysis.

In 2002, when Yaniro was 54 years old, he initiated contact in an internet chat room with a government agent holding herself out to be a 13-year old girl named Toby. On July 25, 2002, Yaniro traveled from his home on Long Island to a restaurant in East Brunswick, New Jersey, to meet "Toby" in person. Upon arriving at the restaurant, he was arrested. According to the Presentence Investigation Report, Yaniro gave a post-arrest statement to the FBI in which he denied that he had discussed sexual acts with Toby and denied knowing Toby's last name or age. When confronted with the transcripts of his chat conversations with Toby, Yaniro admitted that several of these statements were false.

At trial, Yaniro presented the defenses of entrapment and lack of criminal intent and testified in his own defense. After a three-day jury trial, he was convicted. At sentencing, the District Court began its Guidelines calculation with a base offense level of 21 and added a two-level enhancement for the use of a computer, § 2G3.2, and a two-level adjustment for obstruction of justice, § 3C1.1, for the false statements Yaniro made during his post-arrest interview. The resulting total offense level of 25, combined with Yaniro's criminal history category of I, resulted in an advisory Guidelines range of 57 to 71 months. Although Yaniro argued for home confinement, the Court sentenced him at

the bottom of the Guidelines range to 57 months of imprisonment.

On appeal, Yaniro argues that the District Court erred in certain of its evidentiary rulings and when it permitted the prosecutor to make an improper comment during summation. He also argues that his sentence is unreasonable because he should not have received the obstruction of justice adjustment and should have received a downward departure given the length of time he spent prior to trial and sentencing on home confinement.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's rulings on objections to the admissibility of evidence and a comment made during summation for abuse of discretion. United States v. Brennan, 326 F.3d 176, 182 (3d Cir. 2003); United States v. Saada, 212 F.3d 210, 220 (3d Cir. 2000). Where, however, there has been no objection, we review for plain error. United States v. Vitillo, 490 F.3d 314, 325 (3d Cir. 2007).

We review the District Court's application of a sentencing adjustment, to which the defendant did not object, for plain error. United States v. Torres, 209 F.3d 308, 311 (3d Cir. 2000). We generally lack jurisdiction to review the denial of a downward departure, United States v. Minutoli, 374 F.3d 236, 240 (3d Cir. 2004), and assuredly lack jurisdiction to review a failure to depart where no motion for a departure had been made.

## III.

**A.    Alleged Evidentiary Errors**

Yaniro argues that the District Court erred when it (1) permitted the government investigator who had posed as "Toby" to give unhelpful, speculative testimony as to Yaniro's intent, (2) failed to grant a mistrial after the prosecutor used the term "child predator" when questioning a witness, and (3) allowed evidence of alleged prior bad acts.

First, with respect to the investigator's testimony, which Yaniro criticizes more broadly to us than he did at trial, the District Court did not abuse its discretion or commit plain error because the testimony was helpful to the factfinder, particularly to rebut the defense of entrapment. Second, any error caused by the prosecutor's use of the term "child predator" was immediately cured by the Court, and Yaniro has not shown how he was prejudiced. See United States v. Thornton, 1 F.3d 149, 157 (3d Cir. 1993). Presumably, the fact that he was not prejudiced is why no mistrial was sought, and we surely cannot say that the Court should have granted one sua sponte.

Third, the prosecutor's questioning of Yaniro regarding other instances of similar conduct was permissible, again to rebut the entrapment defense. We have held that the government may negate an entrapment defense with evidence of an existing course of conduct that is similar to the crime charged, an "already formed design" to commit the crime with which the defendant is charged, or a willingness to commit the crime "as evidenced by the accused's ready response to the inducement." United States v. Lakhani, 480 F.3d 171, 179 (3d Cir. 2007) (internal quotations and citations omitted). Here, the

5

prosecutor was well within his rights to inquire into Yaniro's chats with other agents posing as minors in order to show an existing course of conduct.

## B.     Prosecutor's Summation

Yaniro also argues that the District Court erred when it overruled his objection to the prosecutor's comment during summation that Yaniro's defenses of entrapment and lack of criminal intent were factually inconsistent. In Mathews v. United States, 485 U.S. 58, 62 (1988), the Supreme Court held that those defenses may be presented to the jury simultaneously, although they are inconsistent.  The Court recognized that, as a practical matter, defendants would rarely present the defenses at the same time because of the risk that the defendant's credibility would be undermined by the presentation of inconsistent testimony by him, but it did not shield a defendant from the government's arguments as to credibility and factual inconsistency.  The District Court did not abuse its discretion when it permitted the prosecutor to point out the factual inconsistency between Yaniro's testimony that he fantasized about and chatted with someone who held herself out to be a minor and his claim that he was not predisposed to commit the charged crimes.

## C.     Obstruction of Justice Adjustment

Yaniro argues that the District Court erred when it imposed a two-level adjustment for obstruction of justice because of the false statements he made during his post-arrest interview.  As defense counsel conceded at sentencing, Yaniro lied during his post-arrest interview. Ordinarily, however, making false statements to law enforcement officers

while not under oath does not warrant application of the obstruction of justice adjustment unless the statement was materially false and "significantly obstructed or impeded the official investigation or prosecution of the instant offense." See U.S. Sentencing Guidelines Manual § 3C1.1, app. notes 4(g) & 5(b) (2001).[1] Yaniro's false statements were largely irrelevant to the investigation and the prosecution because they were quickly refuted by evidence already in the government's possession, namely transcripts of the internet chat conversations. Because the Court erroneously concluded that the adjustment could be applied based solely on Yaniro's post-arrest statements, it did not reach the question of whether he committed perjury at trial, which, if he did, would have supported application of the adjustment.

To increase the offense level under § 3C1.1 based on perjured testimony, a district court is ordinarily required to make findings that the defendant gave false testimony as to a material matter with the willful intent to give false testimony. United States v. Dunnigan, 507 U.S. 87, 94 (1993). The court is bound to accept facts that are necessarily implicit in a jury's verdict of guilty, United States v. Boggi, 74 F.3d 470, 478-79 (3d Cir. 1996), however, and, in this case, the jury found Yaniro guilty of intent to engage in a sexual act with a minor and enticement of a minor female. Thus, Yaniro's trial testimony that he did not intend to have sexual relations with "Toby" and that he did not believe she

---

[1] According to the Presentence Investigation Report, the parties agreed that the 2001 Sentencing Guidelines would apply in this case.

was a minor is directly at odds with the jury's verdict and constitutes perjury.

In United States v. Gricco, 277 F.3d 339 (3d Cir. 2002), we affirmed a district court's application of § 3C1.1 despite the fact that the court failed to make specific findings of perjury, because the defendants' commission of perjury was obvious from the record.[2] Id. at 362. Similarly here, it is obvious that Yaniro committed perjury at trial. Mindful of the fact that we may affirm a district court's correct decision on any ground supported by the record, "we will not remand simply for the district court to make findings of fact that are implicit in the record." Id.; see also Boggi, 74 F.3d at 479 (declining to remand "merely because the district court failed to engage in a ritualistic exercise and state the obvious for the record.").

## D. Downward Departure for Home Confinement

Finally, Yaniro argues that the District Court erred when it did not depart downward due to the circumstances of his long home confinement prior to trial and while awaiting sentencing. Yaniro failed, however, to move for a departure on this ground. If he had moved for the departure and the District Court had exercised its discretion and denied the motion, we would lack jurisdiction to review that decision. See Minutoli, 374 F.3d at 240. Because courts of appeals generally lack jurisdiction to review denials of departures, "[a] fortiori, we cannot review a failure to depart where no departure was

---

[2] While the District Court in Gricco stated that one of the defendants had testified falsely at trial, as to a second defendant, the Court stated only summarily that he was receiving the § 3C1.1 adjustment, without making any findings. Gricco, 277 F.3d at 362.

requested." <u>United States v. Porter</u>, 239 Fed. Appx. 664 (2d Cir. July 20, 2007) (unpublished summary order); <u>United States v. Acuna-Valenzuela</u>, 126 Fed. Appx. 445, 446 (10th Cir. Mar. 25, 2005) ("Defendant should not be in a better position on appeal than if he had raised the issue below and the court had responded."). We lack jurisdiction to review the District Court's failure to downward depart <u>sua</u> <u>sponte</u>.

## IV.

For the reasons stated above, we will affirm the District Court's judgment of conviction and sentence.