OPINION
BARRY, Circuit Judge.
Appellant Leonard Niimoi pled guilty to a single count of conspiracy to distribute heroin and was sentenced to a term of imprisonment of 188 months. He now argues (1) that the District Court erred by *254 not downwardly departing pursuant to U.S.S.G. § 4A1.3 given the alleged overstatement of his criminal history, and (2) that his bottom-of-the-Guidelines-range sentence was unreasonable. For the reasons that follow, we will affirm.
Niimoi pleaded guilty to a one-count information charging him with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, contrary to 21 U.S.C. § 841(a)(1), (b)(1)(B), and in violation of 21 U.S.C. § 846. In the plea agreement, Niimoi agreed to accept a within-Guidelines sentence without requesting a departure or adjustment, reserving only the right to argue his career offender status under § 4B1.1.
At the sentencing hearing, Niimoi argued that his two prior drug-trafficking convictions should count as a single conviction for career offender purposes under § 4A1.2, an argument the District Court promptly rejected. After adjusting three levels for acceptance of responsibility, the Court arrived at a total offense level of 31, which, when coupled with Niimoi’s criminal history category of VI, yielded an advisory Guidelines range of 188 to 235 months. Consistent with the plea agreement, Nii-moi did not move for a downward departure, but did ask for leniency citing, inter alia, his age. After weighing the 18 U.S.C. § 3553(a) factors, including the nature of Niimoi’s conduct, the need to protect society from drug traffickers, and the need for deterrence, the Court imposed a sentence at the bottom of the Guidelines range: 188 months’ imprisonment.
On appeal, Niimoi argues, first, that the District Court erred when it did not depart downward under § 4A1.3 because his career offender status overstated his criminal history. Niimoi, however, did not move for a departure on this ground. Instead, as noted above, he challenged only the counting of his prior convictions, and that is simply not relevant to a § 4A1.3 departure. Cf. United States v. Draffin, 286 F.3d 606, 608-09 (D.C.Cir.2002) (challenging categorization of previous conviction as “crime of violence” at sentencing hearing does not preserve § 4A1.3 claim). If Niimoi had moved for the departure and the Court had exercised its discretion and denied the motion, we would lack jurisdiction to review that decision. See United States v. Minutoli, 374 F.3d 236, 240 (3d Cir.2004). Because courts of appeals generally lack jurisdiction to review denials of departures, “[a] fortiori, we cannot review a failure to depart where no departure was requested.” United States v. Porter, 239 Fed.Appx. 664 (2d Cir.2007) (unpublished summary order); United States v. Acuna-Valenzuela, 126 Fed.Appx. 445, 446 (10th Cir.2005) (unpublished summary order) (“Defendant should not be in a better position on appeal than if he had raised the issue below and the court had responded.”). We lack jurisdiction to review the Court’s failure to downward depart sua sponte.
As for Niimoi’s second argument, a fair reading of the record demonstrates that, in formulating and imposing sentence, the District Court did not abuse its discretion in any respect. The Court specifically addressed Niimoi’s arguments in mitigation of sentence, and Niimoi does not challenge the thoroughness of the Court’s explanation as to what it was doing and why. Moreover, the Court evaluated each of the relevant § 3553(a) factors and imposed sentence at the bottom of the Guidelines range. We reject Niimoi’s challenge to that sentence. See Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 2465-69, 168 L.Ed.2d 203 (2007).
We will affirm the judgment of sentence.